1  BENJAMIN B. WAGNER
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorneys for Plaintiff
   United States of America
6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          )  2:09-cv-02926 FCD-DAD
                                      )
12            Plaintiff,              )  JOINT STATUS REPORT;
                                      )  STIPULATION FOR STAY;
13       v.                           )  **ORDER**
                                      )
14 2006 HAULMARK FEATHERLITE TRANSPORT)
   DLX TRAILER, VIN: 16HGB18236U046824,)  DATE: N/A
15 CALIFORNIA LICENSE NO: 4GK3664,    )  TIME: N/A
                                      )  COURTROOM: N/A
16 2006 HAULMARK FEATHERLITE TRANSPORT)
   DLX TRAILER, VIN: 16HGB18206U049373,)
17 CALIFORNIA LICENSE NO: 4GU3031, and)
                                      )
18 2004 TOYOTA TACOMA SR5 TRUCK, VIN: )
   5TEWN72N04Z464442, CALIFORNIA      )
19 LICENSE NO: 7P49605,               )
                                      )
20            Defendants.             )
   _____)

21

22      Pursuant to this Court's Order Requiring Joint Status Report

23 the plaintiff United States of American and claimants Robert

24 Thompson and Jacqueline Thompson ("Claimants") submit the

25 following report.

26      **(a)  Brief summary of the claims and legal theories under**
             **which recovery is sought or liability denied:**
27

28      Plaintiff United States of America contends the defendant

                                  1

trailers and truck are forfeitable to the United States under 21

U.S.C. §  881(a)(4) because they were used to facilitate the

transportation, sale, receipt, possession, or concealment of

marijuana, in violation of 21 U.S.C. §  841 et seq.

Claimants deny the allegations and contend that their

cultivation of marijuana complied with state law.

> **(b)   Status of service upon all defendants and cross-**
> **defendants and claimants:**

All potential claimants to the vehicles have been served.

> **(c)   Possible joinder of additional parties:**

None known at this time.

> **(d)   Contemplated amendments to the pleadings:**

Plaintiff has advised claimants that their Answers do not

comply with the Federal Rules of Civil Procedure and has

suggested that Amended Answers be filed.  In light of the

requested stay (see below) plaintiff does not object if claimants

defer filing their Amended Answers until the stay is lifted.

> **(e)   Statutory basis for jurisdiction and venue:**

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a).

Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. §

881(j).

> **(f)   Anticipated discovery and the scheduling of**
> **discovery, including:**
>
> **(1)   what changes, if any, should be made in the**
> **timing, form, or requirement for disclosure**
> **under Rule 26(a), including a statement as to**
> **when disclosures under Rule 26(a)(1) were**
> **made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the

Federal Rules of Civil Procedure, civil forfeiture actions are

1   now exempt from the initial disclosure requirements applicable to
2   most other civil actions.   See Fed.R.Civ.P. 26(a)(1)(B)(ii).

3         In addition, the parties request that a 90-day stay of
4   further proceedings be entered at this time pending the outcome
5   of a related criminal investigation against claimants.   Each of
6   the claimants has filed a claim to the defendant property and an
7   Answer to the Verified Complaint for Forfeiture In Rem.

8         The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and
9   981(g)(2).   The plaintiff contends that claimants were growing
10  marijuana in violation of federal law, and that they were using
11  the defendant vehicles to facilitate those violations.   To date
12  no one has been charged with any criminal offense by state,
13  local, or federal authorities, and the statute of limitations has
14  not expired on potential criminal charges.   Nevertheless, the
15  plaintiff intends to depose claimants regarding their claims and
16  their involvement in the cultivation of marijuana.   If discovery
17  proceeds at this time, claimants will be placed in the difficult
18  position of either invoking their Fifth Amendment rights against
19  self-incrimination and losing the ability to pursue their claims
20  to the defendant property, or waiving their Fifth Amendment right
21  and submitting to a deposition and potentially incriminating
22  themselves.   If they invoke their Fifth Amendment rights, the
23  plaintiff will be deprived of the ability to explore the factual
24  basis for the claims they filed with this court.

25        In addition, claimants intend to depose, among others, the
26  agents involved in this investigation, including but not limited
27  to the agents with the Drug Enforcement Administration.   Allowing
28  depositions of the law enforcement officers at this time would
    adversely affect the ability of federal authorities to

investigate the underlying criminal conduct.

The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for 90 days.  At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

**(2)   the subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases**;

As explained above the parties request a stay of further proceedings.

**(3)   what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not request any changes in the discovery limitations imposed by Fed.R.Civ.P. 26(b)(2), 30, or 33.

**(4)   the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

As explained above the parties request a stay of further proceedings, including expert disclosure.

**(5)   Proposed dates for discovery cut-off:**

Not applicable in light of requested stay of further proceedings.

**(g)   Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

Not applicable in light of the requested stay of further

1  proceedings.

2       **(h)   Proposed date for final pretrial conference:**

3       Not applicable in light of the requested stay of further

4  proceedings.

5       **(i)   Proposed date for trial, estimate of days of trial, and
             whether any party has demanded a jury:**

6

7       Not applicable in light of the requested stay of further

8  proceedings.

9       **(j)   Appropriateness of special procedures such as reference
             to a special master or agreement to try the matter
10            before a magistrate judge pursuant to 28 U.S.C. §
             636(c):**

11

12      None.

13      **(k)   Proposed modification of standard pretrial procedures
             because of the simplicity or complexity of the case:**

14

15      None.

16      **(l)   Whether the case is related to any other case pending
             in this district, including the bankruptcy courts of
17            this district:**

18      No.

19      **(m)   Prospects for settlement, including whether a
             settlement conference should be scheduled and whether,
20            in the case of a jury trial, the parties will stipulate
             to the trial judge acting as settlement judge:**

21

22      Prospects for settlement are unknown at this time.

23      (n)   **Any other matter that may be conducive to the just and
             expeditious disposition of the case.**

24

25      None.

26  ///

27  ///

28  ///

1  Date: December 22, 2009          BENJAMIN B. WAGNER
                                    United States Attorney
2

3                             By    /s/ Kristin S. Door
                                    KRISTIN S. DOOR
4                                   Assistant U.S. Attorney
                                    Attorneys for Plaintiff
5                                   United States of America

6

7  Dated: December 22, 2009
                                     /s/ Stephen A. Munkelt
8                                   STEPHEN A. MUNKELT
                                    Attorney for claimants
9                                   Robert Thompson and Jacqueline
                                    Thompson
10
                                    (Signatures retained by
11                                  AUSA Door)

12

13                               **ORDER**

14      For the reasons set forth above, this matter is stayed

15  pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until March 26,

16  2010.   On or before **March 26, 2010**, the parties will advise the

17  court whether a further stay is necessary.

18

19  IT IS SO ORDERED.

20  Dated: December 22, 2009

21                                  _____
                                    FRANK C. DAMRELL, JR.
22                                  UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28